**ORDERED in the Southern District of Florida on December 19, 2019.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

*In re:*

URBAN PHILANTHROPIES, INC., Case No.: 19-24113-LMI

Debtor. / Chapter 11

URBAN PHILANTHROPIES, INC.,

Plaintiff,

v. Adversary Case No.: 19-01785-LMI

JOHN S. AND JAMES L. KNIGHT FOUNDATION, INC., a Florida not for profit corporation, SECURITY BENEFIT LIFE INSURANCE COMPANY,

Defendants. /

**AGREED FINAL JUDGMENT**

**THIS MATTER** came before the Court without hearing, and upon the agreement of the Plaintiff, Urban Philanthropies, Inc. (the "Plaintiff" or the "Debtor"), and Defendants The John

S. and James L. Knight Foundation ("Knight") and Security Benefit Life Insurance Company ("Security Benefit", and together with the Plaintiff and Knight, the "Parties") on the *Plaintiff's Motion For Summary Judgment On Count I Of The Complaint* (the "Motion") [ECF #10]. The Court having considered the record in the case, and noting the agreement of the Parties, finds good cause to ORDER as follows:

1. The Motion is **GRANTED**.

2. Final judgment is entered in favor of the Plaintiff and against Defendant Knight on Count I of the *Adversary Complaint (I) to Avoid and Recover Preferential Transfer and (II) for Turnover of Property of the Estate* [ECF #1] (the "Complaint").

3. The Second Garnishment[1] and any lien in favor of Knight created thereby are avoided as preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

4. The Court, pursuant to its *Order Granting Plaintiff's Expedited Application for Turnover* [ECF #9] (the "Turnover Order"), ordered the turnover of the surrender value of the Total Value Annuity, a fixed index flexible premium deferred annuity contract, contract number XXXXXX2176 (the "Annuity"). Plaintiff and Security Benefit subsequently jointly sought to amend the Turnover Order to provide clarity as to the timing of the surrender of the Annuity and payment of the resulting proceeds [ECF #23] (the "Motion to Amend"). The Turnover Order is hereby amended, as requested in the Motion to Amend, to provide as follows:

a. Following the entry of this Final Judgment, the Debtor shall provide to Security Benefit, with a copy to counsel for Security Benefit, a completed copy of the Security Benefit Annuity Contract Withdrawal Request form provided to Debtor's counsel (the "Withdrawal Request") signed by Mr. Philip Bacon or another properly authorized individual.

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Complaint.

b. On the next business day following the receipt by Security Benefit of the completed Withdrawal Request, Security Benefit will cause the surrender of the Annuity as of the close of business that day, and shall issue a check to the Debtor for the resulting proceeds as affected by any designated tax withholding and associated fees (the "Proceeds"), within two business days following the surrender of the Annuity.

Unless otherwise directly provided for herein, the provisions of the Turnover Order remain in full force and effect.

5. Upon the surrender of the Annuity and the delivery of the Proceeds in accordance with the Turnover Order and this Final Judgment, Security Benefit shall be relieved of any further responsibility or claims with respect to the Annuity or its proceeds.

6. Count II of the Complaint has been rendered moot as a result of the Turnover Order, as amended by hereby.

7. In accordance with U.S. Trustee Guidelines, the Plaintiff has opened three debtor in possession accounts. The Plaintiff shall transfer $50,000.00 of the Annuity to its counsel, Agentis, PLLC, in accordance with this Court's *Final Order Approving Application For Employment of Robert P. Charbonneau, Esq. And the Law Office of Agentis PLLC As General Bankruptcy Counsel For The Debtor In Possession Nunc Pro Tunc To The Petition Date* [ECF #51].

8. The balance of the Annuity shall be placed and held in the Debtor's debtor in possession Tax Account at TD Bank, account number ending in -9452, and no portion of it shall be disbursed absent further order of this Court.

9. Except as provided in this Final Judgment, all pending motions in this adversary

proceeding are denied as moot. The Court shall retain jurisdiction over the Parties to enforce the terms of this Final Judgment.

# # #

**SUBMITTED BY:**
Robert P. Charbonneau
Florida Bar No: 968234
rpc@agentislaw.com
AGENTIS PLLC
**Counsel for Plaintiff**
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

(Copy furnished to Attorney Charbonneau, who is directed to serve a copy of this Order upon all interested parties)